UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL MERCHANT CASH INC. D/B/A WALL STREET FUNDING,<br><br>Plaintiff,<br><br>v.<br><br>WATER DAMAGE RESCUE INC. D/B/A WATER DAMAGE RESCUE and ORI LAZAROVITS,<br><br>Defendants. | Case No. 1:24-cv-04345-LKE<br><br><br>ANSWER |

Defendants Water Damage Rescue Inc. ("Water Damage") and Ori Lazarovits ("Lazarovits") ("jointly, "Defendants"), by and through their attorneys, respond to the Complaint filed by plaintiff Global Merchant Cash Inc. ("Plaintiffs") as follows:

### NATURE OF THE ACTION

1. Denied.

2. Defendants admit that, in or around April 2023, Water Damage signed a document provided by Plaintiff. Defendants deny all the other allegations in this paragraph.

3. Denied.

4. Defendants admit that Lazarovits signed personal guaranties. Defendants deny all the other allegations in this paragraph.

5. Denied.

6. Denied.

### JURISDICTION AND VENUE

7. Admitted.

8. Admitted.

9. Denied.

## THE PARTIES

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. However, Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

11. Admitted.

12. Admitted.

## FACTUAL BACKGROUND

A. The First Merchant Cash Advance Agreement

13. Defendants admit that, or about April 25, 2023, Water Damages executed a document entitled Receivables Purchase Agreement, which is attached to the Complaint. Defendants deny all the other allegations in this paragraph.

14. Defendants admit that the First MCA Agreement referred to Water Damage as "Merchant" and to Plaintiff as "GMC". Defendants also admit that, to the extent the allegations in this paragraph consist of quotations, those quotations appear to be accurate. Defendants deny all the other allegations in this paragraph.

15. Denied.

16. Defendants admit that the First MCA Agreement purported to allow Plaintiff to debit a "Weekly Amount" of $12,403.85. Defendants deny all the other allegations in this paragraph.

17. Defendants admit that, on or about April 26, 2023, Water Damage received funds from Plaintiff. Defendants deny all the other allegations in this paragraph.

18. Defendants admit that, at various times after April 25, 2023, Water Damage deposited funds into one or more accounts. Defendants also admit that, on or about May 2, 2023, Plaintiff debited funds from Water Damages' accounts. Defendants deny all the other allegations in this paragraph.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. However, Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

20. Defendants admit that, at various times after April 25, 2023, Water Damage deposited funds into one or more accounts. Defendants also admit that Plaintiff debited funds from Water Damages' accounts. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph that purport to reflect the amounts that Plaintiff debited from Water Damages' accounts, as it is not clear to what extent those amounts related to the First MCA Agreement. Defendants deny all other the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph related to Plaintiffs' efforts to withdraw funds from Water Damage's accounts. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

27. Defendants admit that, to the extent the allegations in this paragraph consist of quotations, those quotations appear to be accurate. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph related to what fees Plaintiff imposed. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

29. Denied.

30. Denied.

31. Defendants admit that Plaintiff did not debit funds from Water Damage's accounts after April 19, 2024. Defendants deny all the other allegations in this paragraph.

32. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. However, Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

33. Denied.

### B.  The Second Merchant Cash Advance Agreement

34. Denied.

35. Defendants admit that, or about June 21, 2023, Water Damages executed a document entitled Receivables Purchase Agreement, which is attached to the Complaint. Defendants deny all the other allegations in this paragraph.

36. Denied.

37. Admitted.

38. Denied.

39. Defendants admit that the Second MCA Agreement purported to allow Plaintiff to debit a "Weekly Amount" of $8,125.00. Defendants deny all the other allegations in this paragraph.

40. Denied.

41. Defendants admit that, at various times after June 1, 2023, Water Damage deposited funds into one or more accounts. Defendants also admit that, on or about June 28, 2023, Plaintiff debited funds from Water Damages' accounts. Defendants deny all the other allegations in this paragraph.

42. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. However, Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

43. Defendants admit that, at various times after June 1, 2023, Water Damage deposited funds into one or more accounts. Defendants also admit that Plaintiff debited funds from Water Damages' accounts. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph that purport to reflect the amounts that Plaintiff debited from Water Damages' accounts, as it is not clear to what extent those amounts related to the Second MCA Agreement. Defendants deny all other the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph related to Plaintiffs' efforts to withdraw funds from Water Damage's accounts. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

50. Defendants admit that, to the extent the allegations in this paragraph consist of quotations, those quotations appear to be accurate. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

51. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph related to what fees Plaintiff imposed. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

52. Denied.

53. Denied.

54. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph that purport to reflect the amounts that Plaintiff debited from Water Damages' accounts, as it is not clear to what extent those amounts related to the Second MCA Agreement. Defendants deny all other the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

55. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. However, Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

56. Denied.

### C.   The Guarantee and Other Security

57. Defendants deny that Water Damage received funds from Plaintiff. Defendants admit all the other allegations in this paragraph.

58. Admitted.

59. Admitted.

7

60. Admitted.

61. Defendants admit that, to the extent the allegations in this paragraph consist of quotations, those quotations appear to be accurate. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

62. Defendants admit that, to the extent the allegations in this paragraph consist of quotations, those quotations appear to be accurate. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

63. Defendants admit that, to the extent the allegations in this paragraph consist of quotations, those quotations appear to be accurate. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

64. Defendants admit that, to the extent the allegations in this paragraph consist of quotations, those quotations appear to be accurate. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

D.  **The Events of Default.**

65. Defendants admit that, to the extent the allegations in this paragraph consist of quotations, those quotations appear to be accurate. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

66. Denied.

67. Defendants admit that, to the extent the allegations in this paragraph consist of quotations, those quotations appear to be accurate. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

68. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph related to Plaintiffs' efforts to withdraw funds from Water Damage's accounts. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

69. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph related to Plaintiffs' efforts to withdraw funds from Water Damage's accounts. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

70. Defendants admit that, to the extent the allegations in this paragraph consist of quotations, those quotations appear to be accurate. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

71. Denied.

72. Denied.

73. Denied.

74. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph related to Plaintiffs' efforts to withdraw funds from

Water Damage's accounts. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

75. Denied.

76. Denied.

77. Denied.

78. Defendants admit that, to the extent the allegations in this paragraph consist of quotations, those quotations appear to be accurate. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

79. Denied.

80. Defendants admit that, to the extent the allegations in this paragraph consist of quotations, those quotations appear to be accurate. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

81. Defendants admit that, to the extent the allegations in this paragraph consist of quotations, those quotations appear to be accurate. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

82. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. However, Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

83. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. However, Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

84. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. However, Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

85. Defendants admit that, to the extent the allegations in this paragraph consist of quotations, those quotations appear to be accurate. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

86. Denied.

87. Denied.

### E. Damages

88. Defendants admit that, to the extent the allegations in this paragraph consist of quotations, those quotations appear to be accurate. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

89. Denied.

90. Denied.

91. Denied.

11

92. Defendants admit that Water Damage received funds from Plaintiff. Defendants deny all the other allegations in this paragraph.

93. Defendants admit that Plaintiff did not debit funds from Water Damage's accounts after April 19, 2024. Defendants deny all the other allegations in this paragraph.

94. Denied.

95. Defendants admit that Water Damage received funds from Plaintiff. Defendants deny all the other allegations in this paragraph.

96. Denied.

97. Defendants admit that, to the extent the allegations in this paragraph consist of quotations, those quotations appear to be accurate. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

## FIRST CAUSE OF ACTION
### Breach of the Contract – First MCA Agreement

98. Defendants repeat and reallege each and every response contained in the foregoing paragraphs as if fully set forth herein.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

## SECOND CAUSE OF ACTION
### Breach of the Contract – Second MCA Agreement

107. Defendants repeat and reallege each and every response contained in the foregoing paragraphs as if fully set forth herein.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

## THIRD CAUSE OF ACTION
### Breach of the Guaranty

116. Defendants repeat and reallege each and every response contained in the foregoing paragraphs as if fully set forth herein.

117. Defendants admit that, to the extent the allegations in this paragraph consist of quotations, those quotations appear to be accurate. Defendants deny all the allegations in this paragraph to the extent those allegations are directed at, or purporting to impute liability to, Defendants.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

## FOURTH CAUSE OF ACTION
### Unjust Enrichment (in the alternative)

123. Defendants repeat and reallege each and every response contained in the foregoing paragraphs as if fully set forth herein.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

...

**Second Affirmative Defense**

To the extent there are any enforceable agreements between the parties, those agreements are unenforceable and void *ab initio* because the transactions contemplated in those agreements are illegal, criminally usurious loans.

**Third Affirmative Defense**

To the extent there are any enforceable agreements between the parties, those agreements are so unconscionable as to render them void and unenforceable.

**Fourth Affirmative Defense**

Plaintiff's claims are barred by virtue of Plaintiff's fraud, unclean hands and other misconduct, including Plaintiff's participation in a criminal enterprise that makes and collects on illegal loans.

**Fifth Affirmative Defense**

To the extent there are any enforceable agreements between the parties, Plaintiff breached the agreements.

**Sixth Affirmative Defense**

Plaintiff is not entitled to recover fees, penalties, costs, or liquidated damages of any kind because those fees, penalties, costs, or liquidated damages bear no reasonable relation to actual damages, and are exorbitant, unconscionable, or both.

**Seventh Affirmative Defense**

To the extent there are any enforceable agreements between the parties, those agreement were precured by Plaintiff through fraud, deceit and misrepresentation.

**Reservation**

Defendants specifically reserve the right to amend, modify, supplement, and expand these affirmative defenses as additional facts are discovered.

WHEREFORE, defendants Water Damage Rescue Inc. and Ori Lazarovits, demand that the Complaint be dismissed in its entirety together with such other and further relief as the Court deems just and proper.

### JURY DEMAND

Defendants demand a trial by jury.

Dated: New York, New York
August 22, 2024

LEECH TISHMAN ROBINSON BROG PLLC

/S/ Matthew Cono Capozzoli
Matthew Cono Capozzoli
One Dag Hammarskjöld Plaza
885 Second Avenue – 3rd Floor
New York, New York 10017
(212) 603-6300
*Attorneys for Defendants*